# In the United States Court of Appeals for the Sixth Circuit

| | |
|---|---|
| Duke Energy Ohio, Inc.,<br><br>*Petitioner*,<br><br>v.<br><br>Federal Energy Regulatory Commission,<br><br>*Respondent*. | Nos. 26-3977, 26-4062 |
| FirstEnergy Service Company,<br><br>*Petitioner*,<br><br>v.<br><br>Federal Energy Regulatory Commission,<br><br>*Respondent*. | Nos. 26-3980, 26-4063 |

## Unopposed Motion of Respondent Federal Energy Regulatory Commission for Consolidation and to Hold Appeals in Abeyance

Pursuant to Rule 27 of the Federal Rules of Appellate Procedure, Respondent Federal Energy Regulatory Commission respectfully moves the Court to (1) consolidate the above-captioned appeals and to (2) hold the appeals in a brief abeyance pending confirmation that agency proceedings are complete. The

Commission has reached out to counsel for Petitioners Duke Energy Ohio, Inc. (Nos. 26-3977, 26-4062) and FirstEnergy Service Company (Nos. 26-3980, 26-4063); both Duke Energy and FirstEnergy do not oppose the relief requested in this motion.

**1.** The above-captioned appeals implicate the same Commission proceeding and involve petitions for review challenging the same Commission orders. *See Off. of the Ohio Consumers' Counsel v. Am. Elec. Power Serv. Corp.*, "Order on Remand," 195 FERC ¶61,241 (2026) (challenged in Nos. 26-3977, 26-3980); *on reh'g*, 197 FERC ¶61,079 (2026) ("Rehearing Order") (challenged in Nos. 26-4062, 26-4063). Consolidation of the appeals is therefore appropriate. *See* Fed. R. App. P. 3(b)(2).

**2.** A short abeyance of appellate proceedings is also appropriate. In order to seek judicial review of a Commission's decisional order, the Federal Power Act requires an aggrieved party to first seek agency rehearing of that order "within thirty days after the issuance of such order." 16 U.S.C. §825*l*(a). In appropriate circumstances, an aggrieved party may also seek agency rehearing of a subsequently issued rehearing order, also within 30 days of issuance of such order. *See, e.g.*, *Cal. Dep't of Water Res. v. FERC*, 306 F.3d 1121, 1126 (D.C. Cir. 2002).

Both Duke Energy and FirstEnergy filed timely requests for rehearing of the

decisional order in this case, the Order on Remand. On October 30, 2026, the Commission responded to those requests by issuing the reasoned Rehearing Order.

The certified record index in this matter is currently due for filing with the Court on or around November 30, 2026. *See* Fed. R. App. P. 17(a) ("The agency must file the record with the circuit clerk within 40 days after being served with a petition for review."). Any application for rehearing of the Rehearing Order is also due November 30, 2026. *See* 16 U.S.C. §825*l*(a). Filing the record index on November 30 is thus inappropriate, given that doing so would divest the Commission of jurisdiction to meaningfully respond to any future rehearing request. *See id.* §825*l*(b) ("Upon the filing of [a] petition [for judicial review] such court shall have jurisdiction, *which upon the filing of the record with it shall be exclusive*, to affirm, modify, or set aside such order in whole or in part." (emphasis added)). Where a rehearing application remains pending, the "proper course" is to "hold the appeal in abeyance pending the Commission's further proceedings, keeping the record open for supplementation to reflect those proceedings." *Wrather-Alvarez Broad., Inc. v. FCC*, 248 F.2d 646, 649 (D.C. Cir. 1957); *see also Alaska v. FERC*, 980 F.2d 761, 764 (D.C. Cir. 1992) (A court's preference is to require parties to wait for appellate review until the lawsuit is ultimately resolved, "to insist on the standard of one case, one appeal.").

Accordingly, the Commission respectfully requests a short abeyance, including suspension of the filing of the certified record index, until December 15, 2026. Should no entity seek rehearing of the October 30-issued Rehearing Order, the Commission would file the record index with the Court on December 15, 2026.

Further, and assuming that no entity seeks further rehearing, the Commission proposes that the parties file a motion(s) to govern further appellate proceedings by January 14, 2027. The parties would work in the interim to develop a proposed briefing format and schedule to govern these consolidated appeals, which would be included in the motion(s) to govern.

*   *   *

For the foregoing reasons, the Commission respectfully requests, without opposition, that the Court (1) consolidate the above-captioned appeals, and (2) hold the appeals in abeyance as set forth above, with motion(s) to govern to follow.

Respectfully submitted,

Robert H. Solomon
Solicitor

*/s/ Jared B. Fish*
Jared B. Fish
Senior Attorney

Federal Energy Regulatory
Commission
888 First Street, NE
Washington, DC 20426
(202) 502-8101
Email: Jared.fish@ferc.gov

November 19, 2026

**CERTIFICATE OF COMPLIANCE**

Pursuant to Fed. R. App. P. 32(g), I certify that this motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because this motion contains 656 words, excluding the parts exempted by Fed. R. App. P. 32(f).

I further certify, pursuant to Fed. R. App. P. 27(d)(1)(E), that this motion complies with the type-face requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this motion has been prepared in Equity A 14-point font using Microsoft Word.

*/s/ Jared B. Fish*
Jared B. Fish
Senior Attorney

Federal Energy Regulatory
Commission
888 First Street, NE
Washington, DC 20426
(202) 502-8101
Email: Jared.fish@ferc.gov

November 19, 2026

## CERTIFICATE OF SERVICE

I hereby certify that, on November 19, 2026, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Jared B. Fish*
Jared B. Fish
Senior Attorney